# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JAMES R. KOEN,

   Plaintiff,

 v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

   Defendant.

CASE NO. 3:17-CV-05575-JRC

ORDER ON PLAINTIFF'S COMPLAINT

  This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed before a United States Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkt. 11, 12, 13.

  Examining psychologist Dr. Kay Stradinger, Psy.D. diagnosed plaintiff with alcohol dependence, history of methamphetamine dependence, unspecified depressive disorder, and generalized anxiety disorder. AR. 410. The Administrative Law Judge

("ALJ") gave little weight to Dr. Stradinger's opinion that plaintiff has moderate impairments in performing detailed and complex tasks, interacting with supervisors and coworkers, maintaining regular attendance in the workplace, completing a normal workday/workweek without interruptions from a psychiatric condition, and dealing with usual stress encountered in the workplace. AR. 24, 30, 411.

However, the ALJ erred in finding that Dr. Stradinger's opinion was not consistent with her findings and the overall treatment record. Moreover, the ALJ's finding that Dr. Stradinger's report is based largely on plaintiff's self-reports is not supported by substantial evidence. This error is not harmless, because a reasonable ALJ, when fully crediting Dr. Stradinger's opinion, may have included additional limitations in the RFC, and could have reached a different disability determination.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

## BACKGROUND

Plaintiff, JAMES R. KOEN, was born in 1969 and was 43 years old on the alleged date of disability onset of July 1, 2013. *See* AR. 194-200, 201-09. Plaintiff completed the 11th grade and later obtained his GED. AR. 48. Plaintiff has some work history, doing construction, line production, meat cutting and manual labor. AR. 48-54, 267-68.

According to the ALJ, plaintiff has at least the severe impairments of "congestive heart failure and polysubstance abuse (20 CFR 404.1520(c) and 416.920(c))." AR. 22.

At the time of the hearing, plaintiff was living in his van. AR. 62.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 86, 93, 100, 116. Plaintiff's requested hearing was held before ALJ Richard Geib on December 16, 2015. *See* AR. 41-85. On February 12, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 17-40.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ properly evaluated the medical evidence; (2) Whether the ALJ properly evaluated plaintiff's testimony; (3) Whether the ALJ properly evaluated the lay evidence; and (4) Whether the ALJ properly assessed plaintiff's residual functional capacity ("RFC") and erred by basing his step four and five findings on his erroneous RFC assessment. *See* Dkt. 11 at 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**1. Whether the ALJ properly evaluated the medical evidence.**

Plaintiff contends that the ALJ erred in rejecting the opinion of examining psychologist, Dr. Kay Stradinger, Psy.D. Dkt. 11 at 2-4. Dr. Stradinger diagnosed plaintiff with alcohol dependence, history of methamphetamine dependence, unspecified depressive disorder, and generalized anxiety disorder. AR. 410. Dr. Stradinger opined that plaintiff was moderately impaired in his ability to perform detailed and complex tasks, interact with coworkers and the public, maintain regular attendance in the workplace, complete a normal workday/workweek without interruptions from a psychiatric condition, and deal with the usual stress encountered in the workplace. AR. 411. Dr. Stradinger opined that plaintiff's condition was unlikely to improve in the next 12 months. AR. 411. The ALJ gave Dr. Stradinger's opinion "little weight" for several reasons; that Dr. Stradinger's opinion was: (1) inconsistent with plaintiff's testimony and the medical evidence showing that plaintiff has no significant mental limitations lasting for a continuous period of 12 months; (2) based largely on plaintiff's self-reports and inaccurate information; and (3) inconsistent with the record, including a normal mental status examination. AR. 24, 30.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, as it is here, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th

Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

A. Duration Requirement

First, the ALJ found that plaintiff's testimony and the medical evidence as a whole show that plaintiff has no significant mental limitations lasting for a continuous period of 12 months. AR. 30. Plaintiff argues that Dr. Stradinger's findings show that plaintiff has longstanding depression and anxiety. Dkt. 11 at 3. Notably, defendant does not address this rationale in her response. *See* Dkt. 12. Nor does defendant refute plaintiff's argument that Dr. Stradinger's findings and opinion demonstrate that plaintiff's depression and anxiety lasted for a continuous period of 12 months. *See* Dkt. 12.

Here, the ALJ's stated reason for rejecting Dr. Stradinger's opinion was that plaintiff's testimony and the medical evidence as a whole show that plaintiff has no significant mental limitations lasting for a continuous period of 12 months. AR. 30. That finding is not supported by substantial evidence in the record.

Further, the ALJ failed to identify what aspects of plaintiff's testimony and the medical record conflicted with Dr. Stradinger's opinion that plaintiff's condition was unlikely to improve over the next 12 months. AR. 24, 30. Instead, the ALJ leaves plaintiff and the Court to guess what evidence formed the basis for this reason. This is far from "setting out a detailed and thorough summary of the facts and conflicting clinical

evidence, stating [his] interpretation thereof, and making findings…." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation omitted); *Trevizo v. Berryhill,* 871 F.3d 664, 676 (9th Cir. 2017). Therefore, this finding was insufficiently supported by substantial evidence in the record for rejecting Dr. Stradinger's opinion.

### B. Plaintiff's Self-reports

Second, the ALJ found that Dr. Stradinger's opinion relied heavily on plaintiff's subjective complaints, which the ALJ found to be not credible. AR. 30.

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan,* 528 F.3d at 1199-1200).

Here, when discussing Dr. Stradinger's opinion with respect to the step two finding, the ALJ relied on several inconsistencies to show that plaintiff's reports are not fully reliable. *See* AR. 24. The ALJ cited to Dr. Stradinger's treatment notes in which she noted that plaintiff "presented today as initially giving rather limited information[,]" "seemed to give up rather easily[,]" and provided inaccurate information regarding his alcohol consumption. AR. 24 (citing AR. 408, 410, 457).

However, the record does not support the finding that Dr. Stradinger relied upon information which was materially inconsistent with statements elsewhere in the record. Rather, the record reflects that plaintiff initially shared limited information with Dr. Stradinger. Dr. Stradinger noted the reason for this was unclear, but no part of Dr. Stradinger's evaluation questioned or discredited plaintiff's reports. *See* AR. 406-410 (Dr. Stradinger noted "[i]t was unclear if he was trying to divulge as little or if that was his style to not share a lot of personal information initially.").

Regarding plaintiff's alcohol use, the ALJ referenced a treatment note from July 7, 2014, in which plaintiff presented to the emergency department for shortness of breath. AR. 24 (citing AR. 457). Plaintiff reported that he had 10-12 beers that day and that he drinks nearly every day. AR. 457. Approximately three weeks later, on July 21, 2014, Dr. Stradinger reported that plaintiff recently went through withdrawal from heavy alcohol abuse and cut down on his drinking based on a concern for his health issues. AR. 410. This evidence does not show that Dr. Stradinger relied on inaccurate information. Rather, it appears that plaintiff's drinking habits changed between his visit to the emergency

room in early July 2014 and his evaluation with Dr. Stradinger several weeks later. AR. 410, 457.

Moreover, although Dr. Stradinger's opinion was based in part on plaintiff's self-reports, Dr. Stradinger also conducted objective measures, including a clinical interview and mental status examination. AR. 406-410. Dr. Stradinger's findings that plaintiff had problems with concentration and persistence, restless activity during the examination, limited insight, depressed mood, and slightly constricted affect, which was congruent with his mood. AR. 408-410. These are objective measures, and the ALJ gave no specific and legitimate reason for rejecting these findings. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interviews and mental status evaluations are "objective measures" which "cannot be discounted as a self-report."). The Ninth Circuit recently clarified how an ALJ should evaluate psychiatric evaluations:

> [A]s two other circuits have acknowledged, "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology." . . . Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. . . . Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.

*Buck*, 869 F.3d at 1049 (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)) (citations omitted). Therefore, the ALJ's decision to discount Dr. Stradinger's opinion based on her reliance on plaintiff's self-reports is not a valid reason to reject her opinion.

C. Inconsistent with Record

With respect to the ALJ's finding that Dr. Stradinger's opinion was inconsistent with the evidence of record, including normal mental status examination findings, AR. 24, the Court finds that the record does not support this conclusion. The mental status examination conducted by Dr. Stradinger reflects that plaintiff did not demonstrate significant deficits in judgment or memory, *see* AR. 409-410, however, the ALJ's selective reliance on this finding is not a sufficient basis for undermining Dr. Stradinger's opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (an ALJ may not properly reject a medical opinion based on a selective reliance of the relevant treatment evidence). As noted above, Dr. Stradinger found that plaintiff had problems with concentration, restless activity during the examination, limited insight, and a slightly constricted affect and depressed mood. AR. 408-410. Dr. Stradinger also found that plaintiff's fund of knowledge/information was "low average," plaintiff reported suicidal thoughts and seeing "orbs," and plaintiff had "some problems with concentration[.]" AR. 408-09. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citation omitted) ("it is error for an ALJ to pick out a few isolated instances of [mental health] improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."); *Reddick*, 157 F.3d at 722-23 (an ALJ must not "cherry-pick" certain observations without considering their context). Therefore, this is not a specific and legitimate reason supported by substantial evidence to reject Dr. Stradinger's opinion.

D. <u>Harmless Error</u>

The undersigned concludes that the ALJ erred when he gave little weight to Dr. Stradinger's opinion. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

The ALJ found that even if plaintiff were limited to simple work, he could perform his past relevant work and other jobs, which were all unskilled positions. AR. 30. However, a reasonable ALJ, fully crediting Dr. Stradinger's opinion, may have included additional limitations in the RFC, which could have resulted in a different ultimate disability determination. For example, Dr. Stradinger opined that plaintiff was moderately impaired in his ability to maintain regular attendance in the workplace,

interact with coworkers and the public, complete a normal workday/workweek without interruptions from psychiatric conditions, and deal with the usual stress encountered in the workplace. AR. 411. The RFC did not contain these limitations. AR. 26. As fully crediting these opinions may very well alter the ultimate disability determination, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the ALJ's error is not harmless and the Court concludes that this case should be remanded for further consideration of Dr. Stradinger's opinion.

### E. Challenges to other medical opinions

Regarding challenges to the ALJ's evaluation of other medical opinions, because the Court concludes that this case be remanded for further administrative proceedings, and based on the record as a whole, the Court concludes that the remaining medical evidence should be evaluated anew following remand of this matter.

**2. Whether the ALJ properly evaluated plaintiff's testimony, the lay evidence, and plaintiff's RFC.**

As the Court concludes that the ALJ erred when evaluating the medical opinion evidence of Dr. Stradinger, and that this case be remanded for further administrative proceedings, *see supra,* section 1, and based on the record as a whole, the Court concludes that plaintiff's testimony, the lay evidence, and plaintiff's RFC should be evaluated anew following remand of this matter.

**3. Is remand for a finding of disability the proper remedy in this case?**

Plaintiff seeks remand for further proceedings. Dkt. 11 at 15. The Court agrees. Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Here, because there are conflicts in the medical evidence, issues remain in this case warranting remand for further proceedings. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1151 (9th Cir. 2001); *Higbee v. Sullivan,* 975 F.2d 558, 561 (9th Cir. 1992).

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 20th day of June, 2018.

J. Richard Creatura
United States Magistrate Judge